

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RBC BEARINGS, INCORPORATED<br>　　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD WILLIAMS<br>　　　　　　　Defendant. | CIVIL ACTION NO.<br>3:05cv 603 (AWT)<br><br>APRIL 12, 2005 |

## COMPLAINT

RBC Bearings, Incorporated alleges as follows.

### Jurisdiction and Venue

1.  This is an action for Trade Secret violations, Breach of Fiduciary Duty, Breach of Duty of Good Faith and Fair Dealing, Unfair Trade Practices, Computer Violations, Tortuous Interference with Business Relationships, and Unjust Enrichment.

2.  Venue is proper under the Court's diversity jurisdiction.

### Parties

3.  RBC Bearings, Inc. (hereinafter referred to as "Plaintiff") is a

Connecticut Corporation having a principal place of business at One Tribology Center, Oxford, CT 06478.

4. Upon information and belief Richard Williams (hereinafter referred to as "Defendant") is a Minnesota resident, residing at 17755 Hollybrook Trail, Lakeville, MN 55044.

## Background

5. Plaintiff is, and at all times relevant to the matters alleged in this complaint, was engaged in the business of manufacturing, marketing, and selling bearings.

6. Upon information and belief, Defendant, was employed by Plaintiff from March 19, 1990 to October 17, 1996 and then again from April 30, 1998 to July 31, 2003 as an Engineer, Sr. Product Engineer and Product Manager.

7. On March 19, 1990 Defendant executed an Employment Agreement (a copy of which is attached hereto as Exhibit A) with Plaintiff wherein, *inter alia*, Defendant agreed not to disclose any of Plaintiff's trade secrets.

8. Upon information and belief, on or about July 31, 2003, Defendant left the employ of Plaintiff and went to work for a competitor company, QA1 Precision Products, Inc. of Lakeville, Minnesota.

9. In his position with Plaintiff, Defendant served as a member of management, and participated in setting corporate strategy, identifying and

targeting key businesses and accounts, and establishing strategic and tactical business decisions.  In this capacity, Defendant was given access to, and provided with, confidential information and trade secrets of the Plaintiff.  This information included, but was not limited to, base and deviated pricing policies, discounting, marketing information and strategies, sales prices, sales volumes, engineering development programs, production plans, customer lists, customer contacts, customer contracts, and customer requirements.   The Plaintiff restricted dissemination of this information and made efforts to keep this information confidential.

10. The information identified in the previous paragraph derived independent economic value, actual and potential, from not being generally known to, and not being readily ascertainable through proper means by other persons who could obtain economic value from its disclosure or use.  All of this information was the subject of reasonable efforts by Plaintiff to maintain its secrecy.  The information identified above were, and are, trade secrets within the meaning of Conn. Gen. Stat. Section 35-50 *et seq*.

11. In engaging in the conduct described below, Defendant improperly, and without authorization, utilized the Plaintiff's confidential information and trade secrets, as set forth above, for his benefit and to the financial detriment of the Plaintiff.

12. During his employment with Plaintiff, Defendant was privy to, and deeply involved in several special projects of Plaintiff.

13. Defendant while working for Plaintiff was involved in all aspects of a project, including pricing structure, to provide two different non-standard valve actuation devices to Hydraulic Components, Inc.

14. Upon information and belief, on or about November 2003 Defendant contacted the General Manager of Hydraulic Components, Inc. bypassing purchasing and engineering to offer, at a price substantially reduced from Plaintiff's asking price, and on behalf of QA1, two non-standard valve actuation devices consistent with those developed at RBC. Plaintiff lost the projects to QA1.

15. On or about January, 2004 and upon information and belief, Defendant, while working for QA1 made an unsolicited sales call to G& R Castors to underbid Plaintiff with respect to the sale of bearings. G& R Castors is a small shop of approximately five employees and not the type of business normally targeted for spherical bearing applications. Defendant learned of this client and their particular needs while working for Plaintiff. Plaintiff lost the sales to QA1.

16. On or about June of 2004 and upon information and belief, Defendant contacted the Skyjack company and offered quotations for two different Lubricators that were being supplied by RBC. Defendant had been deeply involved with the Skyjack company while working at RBC and knew the pricing

4

structure RBC had in place with this company. RBC was able to keep the Skyjack Company's business but was forced, as a result of Defendant's activities, to reduce its price by approximately 30%.

17. On or about April 2004 and upon information and belief, Defendant contacted the Trane Company regarding a vane control linkage for which Plaintiff was under contract to supply. Because of Defendant's knowledge of Plaintiff's contracts and when they would expire, as well as Plaintiff's pricing structure Defendant underbid Plaintiff by approximately 40% resulting in the loss of Trane's business to Plaintiff.

18. On information and belief Defendant downloaded confidential information from Plaintiff's computer system.

19. As a result of Defendant's conduct Plaintiff has sustained damages.

## COUNT ONE  (Breach Of Fiduciary Duty)

20. Plaintiff realleges each and every allegation set forth in paragraphs 1-19 inclusive, and incorporates them herein by reference.

21. By virtue of the solicitation of customers, misappropriation of the confidential business information of Plaintiff, and other acts contrary to the business interests of Plaintiff, Defendant breached his fiduciary duties to Plaintiff and has caused Defendant to sustain damages.

## COUNT TWO (Unfair Competition)

22. Plaintiff realleges each and every allegation set forth in paragraphs 1-21 inclusive, and incorporates them herein by reference.

23. By virtue of the foregoing acts, Defendant has used unfair methods of competition and unfair acts or deceptive acts or practices in the conduct of a trade or commerce, all in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq., and the common law of unfair competition.

24. As a result of Defendant's unfair methods of competition and unfair or deceptive acts or practices, Plaintiff has sustained damages.

## COUNT THREE (Breach Of Contract)

25. Plaintiff realleges each and every allegation set forth in paragraphs 1-24 inclusive, and incorporates them herein by reference.

26. By using Plaintiff's confidential information and trade secrets without the permission of, and to the detriment of Plaintiff, Defendant has breached the Employment Agreement between him and the Plaintiff.

27. As a result of Defendant's breach, Plaintiff has sustained damages.

## COUNT FOUR (Unjust Enrichment)

28. Plaintiff realleges each and every allegation set forth in paragraphs 1-27 inclusive, and incorporates them herein by reference.

29. As a result of the conduct of Defendant as described above, and unless the relief sought in this complaint is granted, Defendant will unjustly benefit from and be unjustly enriched by, his own intentional and wrongful acts.

## COUNT FIVE (Trade Secret Violations)

30. Plaintiff realleges each and every allegation set forth in paragraphs 1-29 inclusive, and incorporates them herein by reference.

31. By willfully and maliciously misappropriating the confidential information of Plaintiff, the Defendant has committed violations of Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. §§ 35-50 et seq. and has caused Plaintiff to sustain damages.

## COUNT SIX (Computer Related Offenses)

32. Plaintiff realleges each and every allegation set forth in paragraphs 1-31 inclusive, and incorporates them herein by reference.

33. By virtue of the downloading of confidential information from the computer files of Plaintiff, Defendant has committed computer crimes in violation of Conn. Gen. Stat. §§ 53a-251.

34. Plaintiff has been substantially damaged and irreparably harmed by the computer crimes committed by Plaintiff and seeks damages pursuant to Conn. Gen. Stat. §52-570(b).

## COUNT SEVEN (Tortious Interference With Business Relationships)

35.     Plaintiff realleges each and every allegation set forth in paragraphs 1-34 inclusive, and incorporates them herein by reference.

36.     By soliciting customers with whom Plaintiff had on-going business relationships, and causing those customers to divert work from Plaintiff, the Defendant has tortiously interfered with the business relationships of Plaintiff, all to Plaintiff's substantial damage.

## COUNT EIGHT (Usurpation Of Corporate Opportunity)

37.     Plaintiff realleges each and every allegation set forth in paragraphs 1-36 inclusive, and incorporates them herein by reference.

38.     By soliciting customers with whom Plaintiff had ongoing business relationships and causing those customers to divert work from Plaintiff, and other acts contrary to the business interests of Plaintiff, Defendant wrongfully usurped opportunities for future business with those customers that transferred their business away from Plaintiff.

39.     As a result of Defendant's conduct Plaintiff has sustained damages.

WHEREFORE, as relief, Plaintiff prays that the Court:

1. Find that Defendant breached his fiduciary duty owed to Defendant and committed the violations set out in each of the Counts above.

2. Order an accounting and award Plaintiff its actual damages, plus costs and interest for the injury caused by Defendant as set out in the counts above.

3. Award Plaintiff punitive damages pursuant to Conn. Gen. Stat. §§ 42-110 et seq. (CUTPA)

4. Award Plaintiff its reasonable attorney's fees.

5. Award Plaintiff damages pursuant to Conn. Gen. Stat. § 35-53 (CUTSA)

6. Award Plaintiff temporary and permanent injunctions enjoining Defendant, from any further breaches and violations set out in the counts above.

7. Grant Plaintiff such further and additional relief as the Court in its judgment deems just and proper.

THE PLAINTIFF

By _____
Jeffrey J. Mirman, Esq. (ct05433)
LEVY & DRONEY, P.C.
74 Batterson Park Road
P.O. Box 887
Farmington, CT 06034
(860) 676-3120
(860) 676-3200 (fax)


By _____
Richard Michaud, Esq. (ct17144)
MICHAUD-DUFFY GROUP, LLP
Centerpoint
306 Industrial Park Rd., Suite 206
Middletown, CT 06457
(860) 632-7200
(860) 632-8269 (fax)

10

ROLLER BEARING COMPANY OF AMERICA
West Trenton, N.J.

<u>EMPLOYMENT AGREEMENT</u>

This agreement is made between the undersigned employee and ROLLER BEARING COMPANY OF AMERICA ("the Company") in consideration of the undersigned's continued employment by the Company. The employee agrees that all ideas, inventions, discoveries, and other developments or improvements conceived by the employee, alone or with others, are the exclusive property of the Company, if (1) same are in any way related to the employee's job; or (2) same are in any way related to the Company's business operations or products, or to any Company projects; or (3) same are developed in the course of the undersigned's employment or with use of the Company's time, material or facilities; or (4) same are in any way related to any problems arising in the Company's business of which I became informed by reason of the employment.

This agreement shall apply to any such ideas, inventions, etc., made, conceived or reduced to practice by the undersigned, whether alone or with others, whether or not during working hours, during the period of the undersigned's employment by the Company and for six months thereafter. The employee agrees to assist the Company, at its expense, to obtain patents on any patentable developments, and agrees to execute all documents necessary to obtain such patents in the name of the Company or its assigns. The employee agrees to communicate any such idea, invention, etc. to the Company immediately upon its conception.

The employee further agrees, except as required in the conduct of the Company's business or as authorized in writing by the Company, not to publish or disclose, or to permit anyone else to publish or disclose, any information relating to any idea, invention, etc. covered by this agreement, or any confi-

— EXHIBIT A —

dential information concerning the Company's inventions, trade secrets or business of which the employee acquires knowledge by reason of his or her employment.

On the back hereof I have listed all inventions conceived by me prior to my employment by the said Company and not covered by either existing patents or pending patent applications.

_____
                                        Employee

WITNESS:

_____

Date: 3/19/90

ROLLER BEARING COMPANY
OF AMERICA,

By  BA Loughlin